effect to the provision as abridging freedom of publication by repealing the existing common law, under which truth alone was a sufficient defense. The framers of our Constitution intended that no one should ever become liable under any existing law or any future law, in either a civil or criminal action for publishing the truth with good motives and for justifiable ends; they used the words "or civil" giving the provision an effect beyond that of the Constitution of 1848. But it does not follow that they were aiming at the protection of reputation.

If the provision had been so intended it would have been differently worded and entitled. There is nothing in this provision to prevent the legislature from enacting a law under which the truth alone will not be a defense in civil action, as it has in effect provided in criminal actions; and nothing so far as we can see to prevent it from entirely abolishing all laws against libel. In short it is left, as far as this provision goes, to the legislature to act as it sees fit, provided only it must not interfere with publishing the truth with good motives and for justifiable ends. Therefore the argument of necessity for more stringent laws to protect private reputation should be addressed to the legislature and not to the courts.

It follows that in our opinion the trial court did not err in overruling the demurrer to the plea, therefore the judgment is affirmed.

*Affirmed.*

---

**C. L. Roberts, Appellant, v. Estate of Henry L. Roberts, Appellee.**

**Gen. No. 5,903. (Not to be reported in full.)**

Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Suit on a claim filed by C. L. Roberts against the estate of his father, Henry L. Roberts, deceased, for a balance due on an open account. From a judgment entered on a verdict in favor of the estate, claimant appeals.

This case has been once before in the Appellate Court on an appeal by the estate from a judgment in favor of the claimant, which judgment was reversed and the case remanded in 175 Ill. App. 109.

C. F. Preston, for appellant.

Trusdell, Smith & Leech, for appellee; Adam C. Cliffe, of counsel.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Executors and administrators, § 305*—*questions for jury.* In a suit on a claim filed against an estate for a balance due on an open account, *held* the question whether a certain written memorandum on which the claimant relies in support of his claim was of any probative force was for the jury.

2. Witnesses, § 41*—*when husband of heir competent witness.* On trial of a claim filed against the estate of claimant's father, *held* that the husband of an heir who was defending the estate was a competent witness to testify to a conversation with the claimant occurring after the father's death, for the reason that husband may testify in suits concerning the separate property of his wife.

3. Appeal and error, § 1491*—*when rejection of evidence not material error.* In an action on a claim filed against the estate of claimant's father, rejection of the inventory of the estate offered in evidence by the claimant for the purpose of showing what stock and produce there was on the farm at the time of his father's death, *held* not material error for the reason that it had little bearing on the real issue.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number,